IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERARD MAURICE EPPS | * | |
| Petitioner, | * | Civil Action No. RDB-13-2198 |
| v. | * | Criminal Action No. RDB-10-0407 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The *pro se* Petitioner Gerard Maurice Epps ("Petitioner") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 73). Having reviewed the Petitioner's Motion, his Amendment to his Motion (ECF No. 75), the Government's response (ECF No. 209), and the Petitioner's Reply (ECF No. 84), this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 73) is DENIED.

## BACKGROUND

In the first week of January of 2010, Baltimore Police Detective Antonnio Hopson received a tip from a confidential informant that a black male named "Gerard" was supplying crack cocaine out of a residence at 111 N. East Avenue, Baltimore, Maryland to be sold in a specific area of eastern Baltimore City. Detective Hopson, acting on the information from the confidential source, confirmed that the "Gerard" identified by the confidential source was the Defendant Gerard Maurice Epps, and discovered that Epps had

several narcotics-related arrests in that specific area of East Baltimore. The Detective also personally investigated the residence and on several occasions observed Epps allow another man, later identified as Nafiz Watkins, to enter the door. On one occasion, when Watkins left the residence, Detective Hopson followed and observed him engaging in hand-to-hand drug dealing in the nearby area. The Detective arrested Watkins with vials of crack cocaine and U.S. currency in his possession. Again, in the third week of January of 2010, Detective Hopson observed Epps let Watkins in the door, and saw Watkins leave shortly after. Detective Hopson again arrested Watkins, again finding him in possession of crack vials and cash.

Based on information supplied by Detective Hopson, on January 22, 2010, Judge Hong of the District Court[1] of Maryland for Baltimore City, granted a warrant to search the residence at 111 N. East Avenue. Epps was present during the execution of the search, and he directed officers to a gun hidden in the house. Officers also recovered vials of crack cocaine, a scale, drug packaging materials, ammunition for the firearm, and Epps's personal papers.

Epps was charged with narcotics and firearm offenses. He moved to suppress the evidence recovered from 111 N. East Avenue pursuant to the search warrant (ECF Nos. 15 & 21).[2] This Court held a hearing on the motions, where Epps's counsel sought to call Detective Hopson as a witness. This Court ruled that Epps was not entitled to call Detective Hopson pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because there was no

---

[1] Judge Hong now sits on the Baltimore City Circuit Court.
[2] Epps also moved to suppress certain statements. He was allowed to withdraw this motion without prejudice, and no statements are at issue on the pending § 2255 Motion.

preliminary showing that the affidavit in support of the warrant contained any knowing, intentional, or reckless false statement, and that any complained-of statements or purported omissions were not necessary to the determination that there was probable cause for the search.  This Court concluded that the warrant was supported by probable cause, noting that Detective Hopson independently corroborated information he received from the confidential source.  This Court also determined that even if the affidavit were found not to support a finding of probable cause, the officers executing the search reasonably relied on the issuance of the warrant, and therefore the good faith exception applied under *United States v. Leon*, 468 U.S. 897 (1984). Accordingly, this Court denied Epps's motions to suppress (ECF No. 42).

Upon the denial of his motions to suppress, Epps then entered a conditional guilty plea,[3] wherein he agreed to a 20-year sentence.[4]  This Court held a plea colloquy, at which Epps indicated that he understood the charges, the plea agreement, his status as an Armed Career Criminal, and the possible sentences that could be imposed.  He also indicated that he was satisfied with the representation provided by his attorney.  This Court sentenced Epps to 20 years incarceration, as agreed.

Epps appealed, and the United States Court of Appeals for the Fourth Circuit upheld his conviction and sentence, and denied his petition for rehearing and rehearing en banc. *United States v. Epps*, 467 F. App'x 184, 186 (4th Cir. 2012) (per curiam), *reh'g en banc denied*,

---

[3] Under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, a defendant may enter a conditional plea of guilty and reserve the right to appellate review of an adverse determination of a specified pretrial motion.  If the defendant prevails on appeal, he may withdraw the plea.
[4] Pursuant to Rule 11(c)(1)(C), a plea agreement may specify that the government will agree that a specific sentence is the appropriate disposition of a case.

No. ECF No. 70 (4th Cir. Mar. 14, 2012). On January 14, 2013, the Supreme Court denied Epps's petition for a writ of certiorari. 133 S. Ct. 959 (2013).

On July 29, 2013, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 73). Section 2255 of Title 28 of the United States Code provides that a prisoner in custody may move a federal court to vacate, set aside, or correct a sentence "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." Petitioner, now proceeding *pro se*, claims he received ineffective assistance of counsel, in violation of rights under the Sixth Amendment to the United States Constitution.

## **STANDARD OF REVIEW**

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In order to establish a claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, Petitioner must demonstrate a "reasonable

probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Establishing one of the two *Strickland* prongs is insufficient; rather, Petitioner must satisfy both prongs to qualify for relief. *See id.* at 687.

In addition, "[w]hen a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he *would not have pleaded guilty and would have insisted on going to trial*." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (emphasis in original). Finally, where a defendant affirms under oath that he is satisfied with counsel, the defendant's statements are binding on him absent "clear and convincing evidence to the contrary." *Fields v. Att'y Gen. of Maryland*, 956 F.2d 1290, 1297 (4th Cir. 1992).

## ANALYSIS

The Petitioner asserts that he received ineffective assistance of counsel on the following grounds: (1) failure to raise an argument based on staleness; (2) failure to pursue a *Franks* hearing at the suppression hearing; (3) failure to cite a controlling decision of the Fourth Circuit; and (4) failure to explain the plea agreement. His Motion will be denied.

**A. Staleness**

As to staleness, the time between the facts supporting a finding of probable cause and the issuance of a search warrant is an important factor. *United States v. McCall*, 740 F.2d 1331, 1335-36 (4th Cir. 1984). Even so, "[t]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." *Id.*; *United States v. Farmer*, 370 F.3d 435, 439 (4th

5

Cir. 2004) (same). In the presence of ongoing and continuous criminal activity, staleness is much less of a concern. *Farmer*, 370 F.3d at 439 (rejecting staleness argument because it was unlikely that defendant's counterfeiting operations would suddenly cease).

In this case, although Epps's attorneys at the trial or appellate levels could conceivably have raised a staleness argument at the suppression hearing and on appeal, a decision not to do so would have been within the range of reasonable strategic decisions under *Strickland*. If the argument had been raised, it would have been rejected on the face of the affidavit. Detective Hopson received the confidential[5] informant's tip in the first week of January of 2010. The information concerned ongoing drug distribution, operating out of a single residence. After Detective Hopson independently observed conduct that corroborated the tip, he applied for and was granted a search warrant on January 22nd. Therefore, the affiant received the tip, independently investigated and corroborated the information received, and applied for the warrant in a span of no more than three weeks. The time between Detective Hopson's last observance of criminal activity—when Watkins visited Epps at 111 N. East Avenue and was arrested thereafter with drugs and cash—and the warrant application is considerably shorter. The confidential informant's tip, and the officer's observation of the occurrence of conduct corroborating that tip, are sufficiently close in time to the issuance of the search warrant that a staleness is without force. Moreover, the tip and Detective Hopson's observations on two occasions indicated probable cause that the Petitioner was involved in an ongoing drug distribution operation. Due to the

---

[5] The Petitioner also argues that the warrant should not have been granted because the affiant received information from an "unknown, never to be seen tipster." Pet. Mem. in Support of Mot. 10, ECF No. 73-1. The affidavit, however, indicates that the informant is confidential, not anonymous.

ongoing nature of the conduct observed, any staleness issue disappears in this case. *Cf. Farmer*, 370 F.3d at 439. Because the argument that any information as to probable cause supporting the warrant was stale is without merit, the result would have been the same had that argument been previously raised. Accordingly, the Petitioner suffered no prejudice, and his claim of ineffective assistance of counsel is rejected.

### B. *Franks* Hearing

Under *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant "may obtain an evidentiary hearing concerning the veracity of the statements in an affidavit in support of a search warrant." *United States v. Wilford*, 961 F. Supp. 2d 740, 773 (D. Md. 2013). Epps argues that his counsel "failed to make a preliminary showing that the affiant used false or reckless statements" *see* Pet. Mem. 8, that is required to warrant a *Franks* hearing. At the trial stage, Epps's counsel reserved the right to a hearing under *Franks* in briefing the motions to suppress. His attorney also requested a *Franks* hearing at the suppression hearing, arguing that the officer's statements were misleading by falsity or reckless disregard for the truth and that Epps's was entitled to take Detective Hopson's testimony. This Court denied that request, determining that there was no evidence of willful false statements in the search warrant application. On appeal, the Fourth Circuit also held that Epps was not entitled to a *Franks* hearing. In sum, his attorney raised the issue of a *Franks* hearing, and that argument was rejected by this Court and by the Fourth Circuit. Accordingly, the Petitioner has failed to establish either the performance or prejudice prong under *Strickland*. His Motion as to ineffective assistance of counsel for failure to establish that the affiant made false statements will thus be denied.

### C. Failure to Cite *United States v. Doyle* on Appeal

The Petitioner next argues that his appellate attorney's failure to cite a decision of the United States Court of Appeals for the Fourth Circuit in briefing his appeal amounted to ineffective assistance of counsel in violation of his constitutional rights. *See United States v. Doyle*, 650 F.3d 460 (4th Cir. 2011). Specifically, Epps argues that *Doyle* signaled an intervening change in the law that would affect his conviction and sentence. The *Doyle* case was decided on May 23, 2011, before Epps's appellate counsel submitted briefing on his appeal. Even assuming his appellate attorney had a duty to cite *Doyle*, Epps suffered no prejudice by the failure to do so. Indeed, the Fourth Circuit cited *Doyle* in affirming his conviction and sentence. *See United States v. Epps*, 467 F. App'x 184, 186 (4th Cir. 2012) (per curiam). The Fourth Circuit noted that under *Doyle*, a warrant issued by a judge usually suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Id.* (citing *Doyle*, 650 F.3d at 467). The Court noted that certain exceptions may indicate a lack of good faith, including if the affidavit is "so lacking in indicia of probable cause as to render the officer's belief in its existence totally unreasonable." *Id.* However, the Fourth Circuit concluded that the affidavit in this case was "detailed and information-rich," and the affiant "corroborated, through independent investigation, a significant portion of the detailed information supplied by the informant." *Id.* (comparing the affidavit in this case to a "bare bones" affidavit in *United States v. Wilhelm*, 80 F.3d 116 (4th Cir. 1996), that did not reasonably support a belief in the existence of probable cause). Therefore, the Court held that the affidavit warranted a reasonable officer's belief that it supported probable cause. Because the Fourth Circuit expressly considered the *Doyle* case, any failure by the Petitioner's

appellate counsel to cite that case could have had no bearing on the outcome of the appeal. Thus, the Petitioner's claim for ineffective assistance of counsel on this basis fails.

### D. Withdrawal of Epps's Guilty Plea

Finally, in his Amendment to his Motion (ECF No. 75), the Petitioner seeks to withdraw his guilty plea because he argues it was induced by faulty and erroneous legal advice of his counsel. Epps states that his counsel failed to read or explain the provision of the plea agreement where Epps agreed that he was an Armed Career Criminal.

Epps's statements under oath at the plea colloquy contradict his assertions. At that proceeding, he stated that he had his GED and could read and write. He acknowledged that he had read and discussed his plea with counsel, and that he was satisfied with his representation. There is no evidence why this statement should not bind Epps. Additionally, this Court informed the Petitioner that he had been deemed an Armed Career Criminal and he faced a 15-year mandatory minimum. Epps then acknowledged his understanding and that he agreed to a 20-year sentence outlined in the plea agreement. There is no evidence that he did not enter his guilty plea knowingly and voluntarily. Accordingly, he will not be permitted to withdraw his plea of guilty.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 73) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, a court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an

appeal from a court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a court denies Petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:       August 14, 2014

                                                     /s/
                                    Richard D. Bennett
                                    United States District Judge